**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30110 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00132-TMB-1 |
| v. | |
| JOHN EVAN BURNS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 29, 2012
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

John Evan Burns ("Burns") appeals his jury trial conviction for making false

statements for the purposes of influencing a bank, under 18 U.S.C. § 1014, in

connection with accounts receivable reports he submitted to Northrim Bank

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

("Northrim") under the terms of a revolving line of credit he used to finance his upfront expenses. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

## I.    Sufficiency of Evidence

Reviewing de novo the district court's ruling on Burns' motion for judgment of acquittal based on insufficient evidence, *United States v. Berry*, 683 F.3d 1014, 1020 (9th Cir. 2012), we conclude there was sufficient evidence for a rational jury to find the essential elements of a § 1014 conviction beyond a reasonable doubt. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). A § 1014 conviction requires a false statement, its falsity known by the defendant, made for the purpose of influencing a bank in any way.[1] Pay estimates and trial testimony from the general contractors with whom Burns worked, though not in every situation perfect substitutes for the business records Burns could not find, indicated they did not owe Burns as much, and often not nearly as much, as he claimed in the nine reports to Northrim underlying the twenty-

---

[1] Section 1014 provides, in pertinent part: "Whoever knowingly makes any false statement or report . . . for the purpose of influencing in any way the action of . . . any institution the accounts of which are insured by the Federal Deposit Insurance Corporation . . . upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, loan, or insurance agreement or application for insurance or a guarantee, or any change or extension of any of the same, by renewal, deferment of action, or otherwise, or the acceptance, release, or substitution of security thereof, shall be [punished as provided by law]." 18 U.S.C. § 1014.

four counts of conviction. That Burns overstated his receivables so regularly and significantly was sufficient to allow the jury to infer circumstantially that he knew his reports were inaccurate, and the jury was entitled to reject his testimony to the contrary. That the last two reports Burns submitted may not have been made in an effort to procure additional funds from Northrim does not help him here; the statute requires only that the false statements were made to influence Northrim's actions "in any way," and Burns himself testified that if he did not submit reports indicating accounts receivable above a certain threshold, Northrim would have taken additional action, including demanding immediate repayment or restructuring his line of credit.

## II. Admissibility of Rule 404(b) Evidence

The district court did not plainly err in admitting under Rule 404(b) testimony by a First National Bank of Alaska ("First National") loan officer regarding concerns about Burns' accounting practices she shared with him when he previously maintained a revolving line of credit at First National.[2] The evidence was admissible if it could satisfy our four-factor Rule 404(b) inquiry, *see United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002), *cert. denied*, 537 U.S. 858 (2002), and survive Rule 403

---

[2] The record is clear that Burns' Rule 404(b) objection before the district court was not to the loan officer's testimony in its entirety, but specifically to any reference to Burns' purported misuse of a First National business account separate from his revolving line of credit. Nor did defense counsel object to the loan officer's testimony on Rule 404(b) grounds during the trial.

balancing. Burns concedes three of the four factors, arguing only that the testimony did not prove a material point. That Burns had been previously informed his accounting practices were suspect was directly probative of whether he "knowingly" submitted the false statements to Northrim, an essential element of a § 1014 conviction. Under Rule 403, it was well within the district court's discretion to determine that any risk of prejudice was outweighed by this probative value.

## III.    Prosecutorial Misconduct

Burns also argues, in effect, that the district court failed to declare a mistrial sua sponte when the prosecution referenced his eventual failure to pay back the Northrim loan first during its opening statement and again when cross-examining Burns.[3] Under plain error review, *United States v. Banks*, 514 F.3d 959, 973-74 (9th Cir. 2008), this argument fails. There was no pretrial agreement that Burns' failure to pay off the loan, which was relevant to whether he had been overstating his accounts receivable, was off-limits during the trial, and the district court, by its own admission, did not clearly rule to that effect until after the second reference. Therefore, the references to the loan default did not amount to misconduct, and at any rate, Burns does not adequately explain how they rendered the trial fundamentally unfair.

---

[3] Defense counsel objected to both references at trial, and in both instances, the district court offered to issue a curative instruction.

**AFFIRMED.**